BWB:MKM/KT
F. #2010R02346

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

FRANCO LUPOI,
DOMINIC ALI,
CHARLES CENTARO,
    also known as "Charlie Pepsi,"
ALEXANDER CHAN,
CHRISTOS FASARAKIS,
FREDDY LNU, and
RAFFAELE VALENTE,
    also known as "Lello,"

                Defendants.

- - - - - - - - - - - - - - -X

**S U P E R S E D I N G**
**I N D I C T M E N T**

Cr. No. 14-042 (S-1) (SJ)
(T. 18, U.S.C., §§ 371, 982(a)(1),
1956(a)(2)(A), 1956(a)(3)(B), 1956(h), 2,
3238 and 3551 et seq.; T. 21, U.S.C.
§§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(D),
846, 853(a), 853(p), 959(a), 959(c),
960(a)(3), 960(b)(1)(A) and 963; T. 26,
U.S.C., §§ 5845, 5861(d), 5861(i), 5872,
5845(a); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Money Laundering)

     1.    In or about and between December 2011 and February 2014, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant FRANCO LUPOI did knowingly and intentionally conduct and attempt to conduct

one or more financial transactions in and affecting interstate and foreign commerce involving

property represented by a person at the direction of, and with the approval of, a Federal official

authorized to investigate violations of Title 18, United States Code, Section 1956, to be the

proceeds of specified unlawful activity, to wit: narcotics trafficking and firearms trafficking,

with the intent to conceal and disguise the nature, location, source, ownership and control of the property believed to be the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(3)(B), 2 and 3551 et seq.)

COUNT TWO
(Money Laundering Conspiracy)

2.     In or about and between January 2012 and February 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCO LUPOI, DOMINIC ALI, and CHRISTOS FASARAKIS, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce involving property represented by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit: narcotics trafficking and firearms trafficking, with the intent to conceal and disguise the nature, location, source, ownership and control of the property believed to be the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(3)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT THREE
(Money Laundering)

3.     In or about and between February 2012 and February 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCO LUPOI, DOMINIC ALI, and CHRISTOS FASARAKIS did knowingly and intentionally conduct one or more financial transactions in and affecting interstate and

foreign commerce involving property represented by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit: narcotics trafficking and firearms trafficking, with the intent to conceal and disguise the nature, location, source, ownership and control of the property believed to be the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(3)(B), 2 and 3551 et seq.)

COUNT FOUR
(Money Laundering Conspiracy)

4.      In or about and between January 2012 and February 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCO LUPOI and CHARLES CENTARO, also known as "Charlie Pepsi," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce involving property represented by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit: narcotics trafficking and firearms trafficking, with the intent to conceal and disguise the nature, location, source, ownership and control of the property believed to be the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(3)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FIVE
### (Money Laundering)

5.      In or about and between June 2012 and February 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCO LUPOI and CHARLES CENTARO, also known as "Charlie Pepsi," did knowingly and intentionally conduct and attempt to conduct one or more financial transactions in and affecting interstate and foreign commerce involving property represented by another person at the direction of, and with the approval of, a Federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit: narcotics trafficking and firearms trafficking, with the intent to conceal and disguise the nature, location, source, ownership and control of the property believed to be the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(3)(B), 2 and 3551 et seq.)

## COUNT SIX
### (Marijuana Distribution)

6.      In or about and between January 2012 and February 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCO LUPOI, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVEN
(International Heroin Distribution and Importation Conspiracy)

7.      In or about and between April 2012 and February 2014, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant FRANCO LUPOI, together with others, did knowingly and intentionally conspire to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3).

(Title 21, United States Code, Sections 959(c), 960(b)(1)(A) and 963; Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT EIGHT
(International Distribution of Heroin)

8.      On or about August 27, 2012, within the extraterritorial jurisdiction of the United States, the defendant FRANCO LUPOI, together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(A); Title 18, United States Code, Sections 2 and 3551 et seq.)

6

## COUNT NINE
(Conspiracy to Distribute Heroin)

9.     In or about and between September 2012 and February 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCO LUPOI, ALEXANDER CHAN, and FREDDY LNU, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(i); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TEN
(Possession of Heroin with Intent to Distribute)

10.     On or about April 10, 2013, within the Eastern District of New York, the defendants FRANCO LUPOI, ALEXANDER CHAN and FREDDY LNU, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT ELEVEN
(Conspiracy to Commit Money Laundering to Promote Cocaine Trafficking)

11.     In or about and between September 2012 and February 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCO LUPOI, ALEXANDER CHAN and FREDDY LNU, together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit: an offense against a foreign nation involving the importation, sale and distribution of a substance containing cocaine, a Schedule II controlled substance, to wit: Italy, contrary to Articles 73 and 74 of Italian Presidential Decree 309/90, contrary to Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### COUNT TWELVE
(Money Laundering to Promote Cocaine Trafficking)

12.     In or about and between September 2012 and February 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants FRANCO LUPOI, ALEXANDER CHAN and FREDDY LNU, together with others, did knowingly and intentionally transport, transmit and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit: an offense against a foreign nation involving the

importation, sale and distribution of a substance containing cocaine, a Schedule II controlled substance, to wit: Italy, contrary to Articles 73 and 74 of Italian Presidential Decree 309/90.

(Title 18, United States Code, Sections 1956(a)(2)(A), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Possession of an Unregistered Silencer)

13.   In or about and between May 2013 and January 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RAFFAELE VALENTE, also known as "Lello," together with others, did knowingly and intentionally receive and possess a firearm which was not registered to him in the National Firearms Registration and Transfer Record, to wit: a silencer threaded to attach to a FEG P9R, 9 millimeter pistol, with serial number R. 38928.

(Title 26, United States Code, Sections 5845(a) and 5861(d))

## COUNT FOURTEEN
(Possession of a Silencer Not Identified by a Serial Number)

14.   In or about and between May 2013 and January 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RAFFAELE VALENTE, also known as "Lello," together with others, did knowingly and intentionally receive and possess a firearm which is not identified by a serial number, to wit: a silencer threaded to attach to a FEG P9R, 9 millimeter pistol, with serial number R. 38928.

(Title 26, United States Code, Sections 5845(a) and 5861(i))

## COUNT FIFTEEN
(Conspiracy to Transfer a Firearm)

15.     In or about January 2014, within the Eastern District of New York and elsewhere, the defendants FRANCO LUPOI and RAFFAELE VALENTE, also known as "Lello," together with others, did knowingly and willfully conspire to transfer a firearm, to wit: a silencer threaded to attach to a FEG P9R, 9 millimeter pistol, with serial number R. 38928, without paying taxes and registering the firearm as required by law, contrary to Title 26, United States Code, Section 5861(e).

16.     In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants FRANCO LUPOI and RAFFAELE VALENTE, also known as "Lello," together with others, did commit and cause to be committed, among others, the following:

### OVERT ACTS

a.     On or about January 25, 2014, LUPOI placed a telephone call, during which he discussed the timing of the transfer of a handgun and silencer.

b.     On or about January 31, 2014, LUPOI placed a telephone call, during which he discussed the timing of the transfer of a handgun and silencer.

c.     On or about January 31, 2014, VALENTE went to the Royal Crown bakery, 6512 14th Avenue, Brooklyn, New York.

10

d.      On or about January 31, 2014, LUPOI went to the Royal Crown bakery, 6512 14th Avenue, Brooklyn, New York.

e.      On or about January 31, 2014, VALENTE transferred a FEG P9R, 9 millimeter pistol, with serial number R. 38928 and a silencer with matching threading, to an undercover law enforcement agent in the Royal Crown bakery, 6512 14th Avenue, Brooklyn, New York.

f.      On or about January 31, 2014, LUPOI accepted $5,000 as payment for the transfer of a FEG P9R, 9 millimeter pistol, with serial number R. 38928 and a silencer with matching threading.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH FIVE, ELEVEN AND TWELVE

17.      The United States hereby gives notice to the defendants charged in Counts One through Five, Eleven and Twelve that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

18.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

11

        e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS SIX THROUGH TEN

        19.    The United States hereby gives notice to the defendants charged in Counts Six through Ten that, upon their conviction of any such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

        20.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

e.        has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS THIRTEEN THROUGH FIFTEEN

21.        The United States hereby gives notice to the defendants charged in

Counts Thirteen through Fifteen that, upon their conviction of any such offense, the

government will seek forfeiture in accordance with Title 26, United States Code, Section 5872

and Title 28, United States Code, Section 2461(c), which require any person convicted of such

offenses to forfeit any firearm involved in any violation of such offenses.

22.        If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

a.        cannot be located upon the exercise of due diligence;

b.        has been transferred or sold to, or deposited with, a third party;

c.        has been placed beyond the jurisdiction of the court;

d.        has been substantially diminished in value; or

e.        has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

13

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

        (Title 21, United States Code, Section 853(p); Title 26, United States Code,

Section 5872; Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2010R02346
FORM DBD-34
JUN. 85

No. 14-042 (SJ)

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*FRANCO LUPOI, et al.,*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 982(a)(1),1956(a)(2)(A), 1956(a)(3)(B), 1956(h), 2, 3238 and 3551
et seq.; T. 21, U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(D), 846, 853(a), 853(p),
959(a), 959(c), 960(a)(3), 960(b)(1)(A), 963; T. 26, U.S.C., §§ 5845, 5861(d), 5861(i),
5872, 5845(a); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

**M. Kristin Mace, Assistant U.S. Attorney (718) 254-6879**
**Kevin Trowel, Assistant U.S. Attorney (718) 254-6351**