FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 07 2015 ★
BROOKLYN OFFICE

rec'd 5/21/15

SLR:LDM:CSK
F. #2010R02346

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

DOMINIC ALI,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ORDER OF FORFEITURE**

14-CR-0042 (SJ)

WHEREAS, on or about November 25, 2014, the defendant, DOMINIC ALI, entered a guilty plea to Count Two of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1956(a)(3)(B),(h); and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), the defendant has consented to the entry of a forfeiture money judgment in the amount of thirty-one thousand dollars and no cents ($31,000.00) (the "Forfeiture Money Judgment"), as property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the defendant's violation of 18 U.S.C. § 1956(a)(3)(B), and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

    1.    The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p).

    2.    All payments made towards the Forfeiture Money Judgment shall be made

by a money order, or a certified or official bank check, payable to "United States Marshals Service." The defendant shall cause said check(s) to be sent via overnight mail to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check. The Forfeiture Money Judgment shall be paid no later than thirty days (30) days from the date of the defendant's sentencing (the "Due Date"). If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest on the Forfeiture Money Judgment shall accrue thereon at the judgment rate of interest from the Due Date.

3. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not received as provided above, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

4. Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold clear title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

5. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including

United States v. Dominic Ali, 14-CR-0042 (SJ)
Order of Forfeiture

notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6. The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

9. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

4

11. The Clerk of the Court is directed to send, by inter-office mail, four (4) certified copies of this executed Order of Forfeiture to FSA Paralegal Maritza Arroyo, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       May 7, 2015

So Ordered:

/S/ USDJ JOHNSON
HONORABLE STERLING JOHNSON
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK